COMMONWEALTH *vs.* FRANK N. BOSMA. December 6, 1983. *Assault. Practice, Criminal,* Required finding.

The defendant was convicted of armed assault in a dwelling house. He appeals from the denial of his motion after the Commonwealth's

case and again at the close of the evidence, for a required finding of not guilty on the basis of insufficiency of the evidence. We conclude that there was enough evidence to have satisfied a rational trier of fact at each stage that the elements of the offense were established beyond a reasonable doubt. See *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979).

The Commonwealth's case consisted of three basic elements. First, the victim testified that a man with a mask over his face entered the victim's residence, beat him several times with a round object, and apparently fled after the victim called out for help. The victim identified the round object as similar to the stick that was later admitted in evidence and stated that the mask was similar to a watch cap that had been seized from the defendant's premises and which the defendant was seen to have been wearing earlier on the day of the assault.

Second, the Commonwealth introduced evidence of three sets of footprints that appeared similar to each other. One set led from the victim's home to and past the defendant's car, which was parked in the driveway of one of the victim's neighbors. Another set led from the driver's side of the car to the street. The last set circled the victim's house. The prints were made in recently fallen snow and were viewed soon after the assault.

Third, a Mr. and Mrs. Bilodeau, whose house is about one thousand feet from the victim's, testified regarding events that occurred at a time close to that of the assault. From her house Mrs. Bilodeau observed the defendant walking up the driveway carrying a stick. She lost sight of him for a short time, after which he came to the door. He no longer had the stick in his possession. The defendant asked Mr. Bilodeau for a ride downtown, which was provided. Mr. Bilodeau later retrieved a stick from his yard and gave it to the police the next day. Mrs. Bilodeau testified that the stick she had seen the defendant carrying appeared similar to the one introduced as an exhibit at trial.

The watch cap and the stick were before the jury and are before us. The jury could properly have concluded that it would not be impossible for the defendant to have seen with the watch cap pulled down over his eyes (indeed, there was evidence that he had functioned with the cap pulled down over his eyes earlier in the day) and that the stick was not an ordinary stick but was a billy club, intended for use as a weapon. The jury could properly have found that the defendant was carrying just such a billy club soon after and in close proximity to the assault and disposed of the club in the Bilodeaus' yard. The inference linking the defendant to the assault is supported by the footprint evidence. Particularly notable is the similarity of prints leading from the victim's house past the defendant's car to those leading from the driver's side of the car to the street.

The defendant's attempts to belittle this evidence are unpersuasive. The fact that one pair of boots seized from the defendant's home did not match the footprints on the day after the assault may have limited the potential weight to be accorded the footprint evidence, but it did not vitiate its probative force. Similarly, the lack of blood or skin traces on the defendant's clothing or the stick is not necessarily inconsistent with the finding that the defendant committed the assault. Moreover, the fact that watch caps and billy clubs may not be uncommon would not prevent the conclusion that their possession by the defendant near the time and place of the assault is highly relevant. Based on the evidence before the jury at the close of the Commonwealth's case, it cannot be concluded that no rational jury could find beyond a reasonable doubt that the defendant committed assault with a dangerous weapon in a dwelling house. No claim is made that the Commonwealth's case deteriorated during the presentation of the defendant's case. See *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 n.1 (1976).

*Judgment affirmed.*

*Richard Zorza* for the defendant.
*Lucia C. Scannell*, Assistant District Attorney, for the Commonwealth.